NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAR 23 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SEAN HARVELL,

          Plaintiff - Appellee,

  v.

CHET RIGNEY; SHANE BROWN;
MADELINE PICKENS,

          Defendants – Appellants.

No. 25-719

D.C. No.
3:23-cv-00101-CSD

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Craig S. Denney, Magistrate Judge, Presiding

Argued and Submitted March 6, 2026
San Francisco, California

Before: M. SMITH and R. NELSON, Circuit Judges, and LEFKOW, District

Judge.[**]

Defendant-Appellants Nevada Department of Corrections (NDOC) Officers

Chet Rigney, Shane Brown, and Madeline Pickens appeal from the district court's

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Joan H. Lefkow, United States District Judge for the Northern District of Illinois, sitting by designation.

denial of summary judgment on qualified immunity grounds as to Eighth Amendment excessive force claims brought by Plaintiff-Appellee Sean Harvell. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

1. Though the denial of summary judgment is not a "final decision" reviewable by the court of appeals pursuant to 28 U.S.C. § 1291, "an exception arises," providing jurisdiction, "where the movant was denied summary judgment based on qualified immunity." *Isayeva v. Sacramento Sheriff's Dep't*, 872 F.3d 938, 944 (9th Cir. 2017). Our jurisdiction is limited and does not include reviewing the district court's determination that "there is a genuine issue of material fact." *Id.* at 945. Instead, the panel must consider "whether, taking the facts in the light most favorable to the non-moving party, the defendants are entitled to qualified immunity." *Id.* This court may determine, though, that insufficient evidence exists to create a genuine issue of material fact as to particular conduct. *Foster v. City of Indio*, 908 F.3d 1204, 1217 n.10 (9th Cir. 2018).

Qualified immunity "shields officers from civil liability so long as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Hawatmeh v. City of Henderson*, 159 F.4th 591, 599 (9th Cir. 2025) (internal quotation marks omitted). To overcome a qualified immunity defense, the plaintiff must show both (1) that "a

public official has violated [the] plaintiff's constitutionally protected right" and (2) that "the particular right that the official has violated was clearly established at the time of the violation." *Id.* (quoting *Shafer v. Cnty. of Santa Barbara*, 868 F.3d 1110, 1115 (9th Cir. 2017)).

2. Harvell raises direct Eighth Amendment excessive force claims against Rigney and Brown. The Eighth Amendment protects "inmates against the unnecessary and wanton infliction of pain." *Hoard v. Hartman*, 904 F.3d 780, 787 (9th Cir. 2018) (internal quotation marks omitted). The "'core judicial inquiry' in excessive force cases is 'whether force was applied in a good-faith effort to maintain or restore discipline, or" with an "intent to cause harm." *Id.* at 788–89 (quoting *Hudson v. McMillian*, 503 U.S. 1, 7 (1992) (emphasis omitted)). We apply "a five-factor test to determine whether the use of force" violated the Eighth Amendment: "(1) the extent of injury suffered by an inmate; (2) the need for application of force; (3) the relationship between that need and the amount of force used; (4) the threat reasonably perceived by the responsible officials; and (5) any efforts made to temper the severity of the forceful response." *Hughes v. Rodriguez*, 31 F.4th 1211, 1221 (9th Cir. 2022) (internal quotation marks omitted).

As the district court recognized, the obstructed view into Harvell's cell for the critical portion of the video recording "neither proves nor disproves the sworn statements made by Plaintiff in his complaint" regarding the nature of the force

3                                                                  25-719

that Defendants Rigney and Brown applied.  The video is largely blocked at the moments during which the officers attempt to place restraints on Harvell's hands and legs, either by the cell door or the officers' bodies.  And the officers' actions following their entry into the cell are almost entirely imperceivable on the video.  Accordingly, this is not a situation in which the video footage "blatantly contradict[s]" Harvell's evidence such that we may disturb the district court's determination that there are triable issues of material fact as to whether Rigney and Brown committed an Eighth Amendment violation, notwithstanding Harvell's minor injuries.  *See Hughes*, 31 F.4th at 1218; *Isayeva*, 872 F.3d at 945.

3.  The law at issue here is clearly established by circuit precedent. "Qualified immunity attaches when an official's conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  *Kisela v. Hughes*, 584 U.S. 100, 104 (2018) (quoting *White v. Pauly*, 580 U.S. 73, 78–79 (2017) (per curiam)).

In *Hughes v. Rodriguez*, we recognized that "it is clearly established law that beating a handcuffed convict violates the Eighth Amendment."  31 F.4th at 1223 (citing *Hudson*, 503 U.S at 4).[1]  We also explained that "no particularized case law is necessary for a deputy to know that excessive force has been used when a deputy

---

[1] While we are bound by this statement of law in *Hughes*, we would not necessarily read *Hudson* the same way on an original reading.

sics a canine on a handcuffed arrestee who has fully surrendered and is completely under control." *Id.* (quoting *Mendoza v. Block*, 27 F.3d 1357, 1362 (9th Cir. 1994)). Here, therefore, if Harvell proves at trial that Rigney and Brown beat him after he was handcuffed and subdued, he will have shown that they violated a clearly established Eighth Amendment right. *Id.* at 1219, 1223. We accordingly affirm the district court's denial of summary judgment in favor of Rigney and Brown on qualified immunity grounds.

4. Harvell also argues that Pickens violated his Eighth Amendment rights by failing to intervene while Rigney and Brown assaulted him in his cell. "Officers can be held liable for failing to intercede in situations where excessive force is claimed to be employed by other officers only if 'they had an opportunity to intercede.'" *Hughes*, 31 F.4th at 1223 (quoting *Cunningham v. Gates*, 229 F.3d 1271, 1289–90 (9th Cir. 2000)); *see also Robins v. Meecham*, 60 F.3d 1436, 1442 (9th Cir. 1995) ("[A] prison official can violate a prisoner's Eighth Amendment rights by failing to intervene.").

As the district court explained, the investigation detail report for the incident at issue "states that Pickens was not merely present at the door but rather took part in the use of force incident, including helping to shackle and secure the movement of Plaintiff, placing a spit mask on his head, and transporting him to see medical staff." The video recording confirms that this is at least plausible, as "all five

5                                                                 25-719

identically dressed CERT members" entered Harvell's cell, one of which must have been Pickens. Given that "genuine disputes exist as to whether excessive force was used and, if so, whether Pickens failed to intervene," Pickens's ability to defeat summary judgment rises and falls with the other Defendants' liability. Because we affirm the district court's denial of summary judgment in favor of Rigney and Brown on qualified immunity grounds, we also affirm as to Pickens.

5. In an effort to circumvent our limited jurisdiction to review the district court's determination that certain factual issues are disputed and must go to trial, Defendants argue that "this Court is required to accept as true NDOC's factual findings used to deny Harvell's grievances" pursuant to "well-established principles of administrative law." Defendants contend that the Prison Litigation Reform Act (PLRA) incorporated all administrative law principles into the prison litigation context when it adopted an exhaustion requirement. As such, Defendants argue, the arbitrary and capricious standard of review applies across PLRA cases, and we must review the prison's factual findings for substantial evidence.

Not so. Harvell does not challenge the results or validity of the internal prison grievance process, nor is this an appeal directly from that administrative process. Instead, Harvell filed an original action in federal court raising constitutional claims. As such, we are not reviewing agency action under the arbitrary and capricious standard; we are reviewing the district court's ruling on

Defendants' qualified immunity defense, and the standard of review from the qualified immunity context governs. Harvell is correct, then, that we must consider "whether, *taking the facts in the light most favorable to the non-moving party*, the defendants are entitled to qualified immunity." *Isayeva*, 872 F.3d at 945 (emphasis added); *see also, e.g.*, *Tuuamalemalo v. Greene*, 946 F.3d 471, 476 (9th Cir. 2019) ("In qualified immunity cases, as in other [summary judgment] cases, we view the facts in the light most favorable to the nonmoving party." (internal quotation marks omitted)).

**AFFIRMED.**